```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ISAAC PETWAY,

    Plaintiff,

v.                                    Civil Action No. 5:06CV135
                                                        (STAMP)
HARLEY LAPPIN, Director, FBOP;
KIM WHITE, Regional Director, FBOP;
WARDEN JOYCE FRANCIS;
VAL RAPPORT, Associate Warden;
CECIL NICHOLS, Associate Warden;
ABRAM, Dentist, FCI Gilmer;
DOE 1, Dental Assistant;
CMC Mrs. Sherwood;
CAPT. ARNOLD;
LIGAH, Lieutenant in SHU, FCI Gilmer;
DOE 2, Recreational Officer;
DOE 3, Record Office Personnel;
DOES, All other personnel responsible
for the conduct and negligence,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se plaintiff, Isaac Petway, is a federal inmate incarcerated in the Gilmer Federal Correctional Institution ("FCI Gilmer"), in Glenville West Virginia. The plaintiff filed a civil rights complaint on October 31, 2006 against several federal employees in their individual capacities, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In the complaint, the plaintiff alleges violations of his due process, equal protection, and Eighth and First Amendment rights for numerous acts by the various defendants. The acts of

which the plaintiff complains include the following: (1) failure to provide timely and adequate dental care; (2) unjustified administrative segregation with lack of proper clothing and footwear, lack of indoor recreational opportunities, and lack of appropriate cleaning supplies to clean in cell; (3) denial of access to the prison law library and to the administrative process; and (4) failure to request aggregation of sentences from the parole commission.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this case was referred to United States Magistrate Judge James E. Seibert for a report and recommendation on disposition of this matter.

By order dated March 30, 2007, the magistrate judge directed the defendants to answer the plaintiff's complaint. In response, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. They set forth the following arguments in support of their motion: (1) this Court lacks personal jurisdiction over defendants Lappin and White; (2) federal officials cannot be sued in their official capacities; (3) plaintiff has failed to exhaust his administrative remedies on his claims concerning dental care and access to the law library; (4) plaintiff's claims relating to his administrative segregation, including his denial of access to the prison library, are moot because he has now been released into the general population; (5) plaintiff's Eighth Amendment claims fail to state a claim upon which relief can be granted because the doctrine of respondeat

superior is inapplicable in a Bivens action, because plaintiff cannot establish supervisory liability, and because plaintiff cannot show deliberate indifference; (6) plaintiff has no liberty interest in avoiding administrative segregation; (7) conditions in the segregated special housing unit do not violate the Eighth Amendment; (8) plaintiff fails to state an access to court claim because he has not alleged an actual injury or specific harm; (9) plaintiff's claim concerning the failure to aggregate his sentence is an improper claim for a Bivens action; (10) failure to provide the plaintiff with a mop to clean his cell does not constitute a constitutional violation; and (11) defendants are entitled to qualified immunity.

The plaintiff filed his reply, styled "Motion in Opposition to Defendants['] Motion to Dismiss or in the Alternative Motion for Summary Judgment." The plaintiff's reply essentially reiterates the claims he brought in his complaint.

Magistrate Judge Seibert filed a report on December 14, 2007, making the following recommendations: first, that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted as to all claims except that regarding the use of the law library; second, that the plaintiff's claim regarding the use of the law library be denied without prejudice for failure to exhaust administrative remedies; third, that the defendants' motion to dismiss or, in the alternative, motion for summary judgment, be granted on all claims except that

concerning the use of the law library; and fourth, that the plaintiff's motion in opposition defendants' motion to dismiss or, in the alternative, motion for summary judgment be denied. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this recommendation.

Within the allotted period, the plaintiff filed objections, styled "Motion in Opposition to Magistrate Judge's Report and Recommendation." The plaintiff objected to the magistrate judge's findings and recommendations regarding the plaintiff's dental claims, including administrative exhaustion, and the plaintiff's complaints about his placement in the special housing unit ("SHU"). The plaintiff also objected that the report and recommendation did not address the plaintiff's complaints regarding the circumstances of his recreation in SHU, including a lack of proper footwear and no indoor exercise opportunities. The plaintiff raised no objections to the magistrate judge's recommendation on the plaintiff's claims concerning the aggregation of sentences, access to the courts, or the prison's refusal to provide the plaintiff with a mop to clean his floor in the SHU.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a <u>de novo</u> review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation to which the plaintiff did not object will be reviewed for clear error.

In ruling on a motion to dismiss, a court must accept as true all well-pleaded factual allegations. <u>Walker v. True</u>, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957).

### III. <u>Discussion</u>

As a preliminary matter, this Court addresses the issue of whether personal jurisdiction exists in this matter over defendants Lappin and White. Personal jurisdiction requires that the defendant have sufficient minimum contacts with the forum such that

requiring the defendant to defend his or her interest in the forum would not offend the traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310 (1945). According to the defendants, Lappin and White are residents of the State of Maryland, and at all times relevant to the plaintiff's complaint, Lappin was working in the District of Columbia in the Bureau of Prisons' Central Office, and White was working in Annapolis Junction, Maryland at the Bureau of Prisons' Mid-Atlantic Regional Office. The defendants claim that to subject Lappin and White to the personal jurisdiction in this forum would offend traditional notions of fair play and substantial justice.

This Court observes that the magistrate judge's report and recommendation did not address the defendants' assertion that this Court lacks personal jurisdiction over defendants Lappin and White. However, the plaintiff failed to raise this issue in his objections. The burden of showing personal jurisdiction falls on the plaintiff. Combs v. Bakker, 886 F.2d 673,676 (4th Cir. 1989). The plaintiff has failed to meet to that burden. Consequently, this Court finds that the complaint should be dismissed as to defendants Lappin and White because the plaintiff has failed to demonstrate that this Court has personal jurisdiction over them.

A. Administrative Exhaustion

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Actions brought pursuant to Bivens are subject to the administrative exhaustion requirements of the PLRA. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Administrative exhaustion requires the inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

The magistrate judge found that the plaintiff has pursued his administrative remedies to their end for all of the claims he asserts in his complaint, except for his claims concerning his dental care and those concerning his access to the law library. In

7

his objections, the plaintiff claims that he has, in fact, exhausted his administrative remedies regarding his dental claims. The plaintiff does not, however, argue that he has exhausted his administrative remedies on his claims concerning use of the law library. This Court finds that it need not reach the issue of administrative exhaustion regarding the plaintiff's dental claims because, as discussed below, those claims fail on their merits and will be dismissed with prejudice. Further, this Court finds no clear error in the magistrate judge's conclusion that the plaintiff has failed to exhaust his administrative remedies on his claims concerning access to the law library.[1] As discussed below, the plaintiff's allegations concerning denial of access to the law library state a potentially cognizable claim and will be dismissed without prejudice for failure to exhaust administrative remedies.

B. Dental Claims

The plaintiff's contentions that he was provided inadequate and untimely dental care are reasonably construed as allegations that BOP officials have subjected him to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide adequate medical care. To state an Eighth Amendment claim for failure to provide adequate medical care, a plaintiff must show that the defendants acted with deliberate indifference to a prisoner's serious medical needs. To prevail on such a claim, a

---

[1] Because the plaintiff did not object to the magistrate judge's finding on this issue, this Court reviews the finding for clear error .

8

prisoner must meet a two-prong test encompassing both an objective element and a subjective element. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991) ("<u>Wilson</u>"). The objective element requires the prisoner to show a "sufficiently grave" deprivation of a basic human need. <u>Id.</u> The objective prong may be satisfied by the existence of an untreated or an inordinately delayed treatment of a serious medical condition. <u>See, e.g.</u>, <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987)(serious medical condition found where delayed treatment leads to permanent disability or loss) (collecting cases).

The subjective element requires the prisoner to show that the prison official or officials who caused the alleged deprivation acted with the a sufficiently culpable mental state--i.e., deliberate indifference--to that deprivation. <u>Wilson</u>, 501 U.S. at 302. The subjective prong may be satisfied by a showing that the prison official or officials causing the deprivation are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that they in fact draw the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994).

In this action, the plaintiff contends that prison officials ignored his dental needs and made him wait for even minimal treatment despite his ongoing complaints that he was in pain. In their response to the plaintiff's complaint, the defendants state that they are willing to assume, arguendo, that the plaintiff's dental problems constitute serious medical needs and that his

9

claim, therefore, meets the objective element of the Eighth Amendment analysis. However, the defendants argue that prison officials have not acted with deliberate indifference. The magistrate judge found that the plaintiff's prison dental records indicate that, even considering the delays in scheduling initial care and while the plaintiff was in the SHU, the plaintiff received proper and timely dental care. Based upon a de novo review of the record, this Court agrees.

According to the plaintiff's dental records, dental staff treated the plaintiff in response to the plaintiff's complaints of pain no fewer than eight times between August 2005 and July 2006, and numerous times after July 2006. The dental records do reveal that some delays in treatment occurred because of conditions in the SHU where the plaintiff was housed and that there was an initial delay of approximately one year between the time he requested routine dental care and the earliest available appointment. However, delay alone does not constitute deliberate indifference. See Cox v. District of Columbia, 834 F. Supp. 439, 442 (D.D.C. 1992). On the record before this Court, the plaintiff appears to have received timely and appropriate dental care. Consequently, the plaintiff's claims concerning lack of adequate dental care must be dismissed.

C. Segregated Special Housing Unit

The plaintiff asserts a Fifth Amendment due process claim against federal prison officials for placing him the special

housing unit without holding a hearing. He also claims that the conditions of incarceration in the SHU violate the Eighth Amendment's proscription against cruel and unusual punishment because prison officials required him to wear a jumpsuit and shower shoes, denied him access to indoor recreation, and forced him to exercise outside during cold weather without proper footwear. The plaintiff also alleges an Eighth Amendment violation based upon prison officials' refusal to allow the plaintiff to clean his cell floor with a mop instead of a washcloth.

D. <u>Placement</u>

The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. U.S. Const. amend. V. Allegations of due process violations by federal employees are therefore properly construed as Fifth Amendment claims. <u>See</u> <u>Berry v. City of Muskogee</u>, 900 F.2 1489, 1492 n.2 (10th Cir. 1990). To prevail on a Fifth Amendment due process claim, a plaintiff must show that the government has interfered with a protected liberty or property interest and that, if has so interfered, the procedures which led to deprivation were constitutionally sufficient. Therefore, as a threshold matter, the plaintiff in this case must demonstrate that he had a protected liberty interest with which prison officials interfered.

The plaintiff was placed in the SHU after he completed his three-year sentence for Second Degree Cruelty to Children because he was being held over on a detainer for a parole violation. The

BOP has a standard practice of housing in administrative detention all inmates who are not currently serving a valid sentence under a judgment and commitment order. Because the plaintiff's continued detention was based upon the execution of a parole commission warrant rather than a judgment and commitment order, the prison officials at FCI-Gilmer placed him in the SHU.

Among the plaintiff's due process allegations are also the claims that the BOP failed to observe established policy statements and operating procedures.[2] In response, the defendants contend that the plaintiff does not have a protected liberty interest in avoiding confinement in administrative segregation. The magistrate judge, relying upon Hewitt v. Helms, 459 U.S. 460, 468 (1983), determined that prison inmates have no liberty interest in obtaining a particular prison classification. Consequently, administrative segregation "in less amenable and more restrictive quarters . . . is well within the terms of confinement ordinarily contemplated by a prison sentence." Id. at 467. In his objections, the plaintiff alleges that no BOP policy, rule, or regulation authorizes prison officials to place inmates in segregation without a hearing, and suggests that in the absence of such a policy, rule or regulation, the plaintiff has a liberty interest in avoiding segregated confinement. As noted above,

---

[2]Although the plaintiff refers to the SHU as "punitive segregation," the special housing unit is also used for administrative segregation, which is the rubric under which the plaintiff was placed there.

12

however, an inmate has no protected liberty interest in avoiding segregated confinement. Consequently, the petitioner's due process complaints concerning either the misapplication of policy and procedures or a lack of official rules and regulations must fail. Where, as here, a protected liberty interest is lacking, the Due Process protection of the Fifth Amendment is not implicated, and no right to a hearing or other procedural safeguard attaches.

Based upon a <u>de novo</u> review of the record, this Court finds that the plaintiff does not have a liberty interest in avoiding administrative segregation and, therefore, the plaintiff's due process claims must fail.

E. <u>Recreation</u>

In addition to challenging his placement in segregated confinement, the plaintiff also challenges his conditions of confinement surrounding the clothing he is required to wear and the recreational opportunities he is afforded. Specifically, he objects to being required to wear a jumpsuit which he alleges is too tight. He also objects to being required to wear shower shoes during outdoor recreation, and he objects to the lack of access to indoor exercise or other recreational opportunities, such as cards, board games, or television. In sum, the petitioner seems to be arguing that the conditions of the SHU violate his Eighth Amendment right to be free from cruel and unusual punishment.

An Eighth Amendment claim for prison conditions requires a showing of a serious deprivation of a basic human need, and

deliberate indifference of prison official to the conditions creating such deprivation. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Additionally, the condition or conditions must cause or contribute to a serious medical and emotional deterioration. Id. at 1380.

The plaintiff's claims concerning the conditions of confinement in administrative segregation do not allege deprivations of basic human needs;[3] rather, they focus on the restrictions on recreational pursuits as compared to those provided to the general population and on the clothing and footwear provided to the plaintiff for his recreational pursuits.

Pursuant to BOP regulations, the Warden is required to provide the "same general privileges" to inmates in administrative segregation as provided to those in the general population if doing so is "consistent with available resources and the security needs of the unit." 28 C.F.R. § 541.22(d). Thus, the Warden has discretion to restrict recreational opportunities in the SHU based upon available resources and security needs. The plaintiff fails to allege any facts to support a claim that the BOP's decisions concerning indoor recreational opportunities to inmates in

---

[3]The plaintiff does complain that his dental treatment was delayed while he was housed in administrative segregation; however, the record shows that during the period he was in the SHU, dental staff treated him on seven separate occasions. They were unable to see him on two occasions because of conditions in the SHU. His dental treatment was therefore postponed for approximately fourteen weeks on one occasion and for approximately six days on the second occasion. These short delays do not constitute a serious deprivation of medical needs.

administrative segregation are based upon anything other than available resources and security needs.

Furthermore, the plaintiff's complaints that his prison jumpsuit is too form-fitting and that he is forced to wear shower shoes when exercising outdoors, even in wet, wintry weather conditions, fail to state an Eighth Amendment claim, particularly in light of the plaintiff's failure to demonstrate any physical or emotional deterioration or any harm to his well-being resulting from the conditions of which he complains.

Because the plaintiff's complaints that he was denied indoor recreational opportunities and that he is required to wear shower shoes and form-fitting clothing do not constitute cruel and unusual punishment, the plaintiff has failed to state an Eighth Amendment claim concerning the conditions of his confinement in administrative segregation.

F. Cleaning Supplies

Similarly, the plaintiff's complaint that BOP officials refused to provide him with a mop to clean his cell floor does not state a cognizable Eighth Amendment claim. The plaintiff does not allege that he has been denied adequate cleaning supplies or that cleaning his floor with a cloth creates unsanitary conditions. Nothing in the plaintiff's complaint concerning BOP officials' refusal to allow the plaintiff to use a mop to clean his floor demonstrates, or even hints at, a constitutional violation.

G.  Aggregation of Sentences

In addition to challenging the conditions of his confinement, the plaintiff also claims that the defendants violated his rights by failing to aggregate his sentences and that he is, therefore, being falsely imprisoned.  However, challenges to the computation and execution of an inmate's sentence are not properly brought under a Bivens claim; rather, such challenges must be raised in a petition brought pursuant to 28 U.S.C. § 2241.  Because the plaintiff's claim concerning the aggregation of his sentences is improperly before this Court under a Bivens complaint, the claim is subject to dismissal.

H.  Access to the Courts

The plaintiff alleges that BOP officials have denied his access to the courts by hindering his efforts to pursue his administrative remedies and by restricting his access to the law library.  The First Amendment protects the right of the people to petition the government for redress of grievances.  U.S. Const. amend. I.  This protections includes the right of inmates to "adequate, effective and meaningful access" to the Courts.  Bounds v. Smith, 430 U.S. 817, 822 (1977). "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries, or adequate assistance from prisoners trained in the law."  Id. at 828.  To state a claim for denial of access to the courts, an inmate must

both specify concrete allegations and identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996).

I.  Hindering Administrative Claims

How BOP officials have hindered the plaintiff's attempts to participate in the administrative process is unclear, especially in light of the defendants' admission that the plaintiff has exhausted his administrative remedies on all of his pending claims except those concerning dental care and use of the law library. As to the former, this Court has determined that even if the plaintiff had exhausted his administrative remedies, he still would be ineligible for relief because his claim fails on the merits. As to the second, the plaintiff has not even attempted to exhaust his administrative remedies. Therefore, in the action pending before this Court, the plaintiff's argument that BOP officials have hindered his efforts to pursue his administrative remedies relating to his dental claims is moot because this Court has found that the plaintiff's dental claims should be dismissed on the merits. Further, because the plaintiff has not attempted to pursue his administrative remedies concerning his use of the law library, this Court finds that those claims must be dismissed for failure to exhaust. Consequently, the plaintiff fails to demonstrate an actual injury flowing the alleged hindrance of his participation in the administrative process.

J.  Denial of Library Use

This Court declines, however, to dismiss on the merits the plaintiff's access to courts claim concerning restrictions on his use of the library. Although the plaintiff fails to allege concretely that his inability to use the law library in any way restricted his access to the courts regarding his claims of inadequate dental care, confinement in the SHU, aggregation of sentences, or access to a mop to clean his cell floor, he does specifically allege that restrictions on his access to the law library prevented him from filing an appeal of his criminal case with the United States Supreme Court. This concrete allegation at least states a potentially cognizable First Amendment claim. However, as discussed above, the plaintiff has made no effort to exhaust his administrative remedies on this issue, and, as a result, this Court lacks jurisdiction to consider it. Therefore, the plaintiff's claim concerning the restrictions on his use of the law library must be dismissed for failure to exhaust.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be and is hereby AFFIRMED and ADOPTED in its entirety. Specifically, with the exception of the plaintiff's claims concerning the use of the law library, it is ORDERED that the plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim and that the defendants' motion to dismiss, or, in the alternative, motion for

summary judgment, be GRANTED.  As to the plaintiff's claims concerning access to the law library, it is ORDERED that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE and that the defendants' motion to dismiss, or, in the alternative, motion for summary judgment be DENIED.  It is further ORDERED that the plaintiff's "Motion in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment" be DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 5, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE